IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN A. ROGERS,<br>Plaintiff,<br>v.<br>CHRISTOPHER J. DONATELLI,<br>Defendant. | Case No. 1:24-CV-01265-LLA |

**CHRISTOPHER J. DONTALLI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Christopher J. Donatelli ("Mr. Donatelli"), by counsel, pursuant to Rule 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, submits this memorandum in support of his Motion to Dismiss the Complaint filed by Plaintiff Brian A. Rogers ("Mr. Rogers" or "Plaintiff").

## INTRODUCTION

Mr. Rogers alleges all manner of wrongdoing by Mr. Donatelli in his management of Kenyon Square North, LLC ("Kenyon Square") and DKEPA #30, LLC ("DKEPA").[1] The injury that Mr. Rogers seeks redress for arises solely from his membership in DKEPA and his alleged corresponding interest holder status in Kenyon Square. Since Mr. Rogers alleges no special or unique harm he suffered because of Mr. Donatelli's alleged actions separate from the loss suffered to these entities, he has no individual claim. Any claim he has is derivative belonging to the entities. Accordingly, Mr. Rogers is not the real party in interest under Rule 17

[1] Mr. Donatelli strenuously disputes the allegations of wrongdoing but accepts them as true solely for purposes of his motion as he must do under the relevant rules of civil procedure.

and dismissal is the appropriate result. Even if Mr. Rogers were the real party in interest, his failure to add DKEPA and/or Kenyon Square as parties to this lawsuit prevent him from proceeding forward as both are necessary parties under Rule 19.

## STATEMENT OF FACTS

Mr. Rogers owns a 25% membership interest in DKEPA #30, LLC, which is a District of Columbia limited liability company. Compl. ¶¶ 28, 31. Mr. Donatelli is the managing member of DKEPA. Compl. ¶ 33. DKEPA owns a 40% interest in Kenyon Square. Compl. ¶ 32. Kenyon Square is a limited liability company organized under District of Columbia law. Compl. ¶ 21. In addition to DKEPA, the other members of Kenyon Square are Mr. Donatelli and Vance Gragg. Compl. ¶ 23. Mr. Donatelli is also the manager of Kenyon Square, which is the "key entity in this action" according to Mr. Rogers. Compl. ¶¶ 4, 22. Mr. Rogers alleges he is an "Interest Holder" of Kenyon Square as an "unadmitted assignee" of DKEPA. Compl. ¶ 24.

Kenyon Square owns retail and parking at 1390 Kenyon Square ("the Property"). Compl. ¶ 34. Kenyon Square acquired the Property in 2007. Compl. ¶ 34. From there, Mr. Rogers alleges Mr. Donatelli caused Kenyon Square to secure loans on the Property the proceeds of which Kenyon Square transferred to other entities controlled by Mr. Donatelli and to Mr. Donatelli himself. Compl. ¶¶ 38-54. These disbursements were booked as loans due Kenyon Square. Compl. ¶¶ 55-69. Mr. Rogers claims that Mr. Donatelli, in his role as manager of Kenyon Square, made distributions to himself and the other individual member of Kenyon Square out of proportion to distributions made to DKEPA. Compl. ¶¶ 71-73.

In sum, Mr. Rogers alleges that since 2007 Mr. Donatelli, through his role as manager of Kenyon Square, has deprived DKEPA of millions in distributions and lost value. Compl. ¶ 6. To recover his share of this DKEPA loss, Mr. Rogers asserts individual claims against Mr.

Donatelli for fraud, promissory fraud, breach of contract, conversion, breach of fiduciary duty of loyalty, and breach of fiduciary duty of care. Compl. ¶¶ 109-148. Mr. Rogers also seeks "mandatory injunctive relief directing the buyback of" his interest in Kenyon Square.[2] Compl. at 22.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court may dismiss an action for failure to state a claim where the plaintiff is not the real party in interest under Rule 17. *Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992). In such a scenario, the Court views the facts alleged in the light most favorable to the plaintiff and determines if plaintiff has a claim based on those facts or whether the claims rightly belong to another. *Id.* That is because under Rule 17(a) "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The action must be brought by the person entitled under the governing substantive law to enforce the asserted right." *Whelan*, 953 F.2d at 672.

Under Rule 12(b)(7) the Court may dismiss an action for failure to join a party under Rule 19. Joinder rulings under Rule 19(a) are reviewed de novo whereas rulings regarding whether or not a party is indispensable and, if so, whether the case can proceed without them are reviewed for abuse of discretion. *Kickapoo Tribe of Indians v. Babbitt*, 43 F.3d 1491, 1495, fn.4 (D.C. Cir. 1995).

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE COMPLAINT AS PLAINTIFF IS NOT THE REAL PARTY IN INTEREST FOR THE CLAIMS UNDER RULE 17

Mr. Rogers's claims are solely derivative of his membership in DKEPA and his alleged "Interest Holder" status in Kenyon Square. As such, under Rule 17(a) Mr. Rogers is not the real

[2] Mr. Rogers owns no interest in Kenyon Square to be bought back by Mr. Donatelli.

party in interest and has therefore failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Am. Nat. Ins. Co. v. JPMorgan Chase & Co.*, 893 F. Supp. 2d 218, 226–27 (D.D.C. 2012) (citing *Whelan v. Abell,* 953 F.2d 663, 672 (D.C. Cir. 1992)).

Mr. Rogers does not allege any injury that was specific to him. Instead, the injury he alleges in each of his claims is derivative of injury that was suffered, if at all, by Kenyon Square or DKEPA as entities. Compl. ¶¶ 122, 127, 134, 138, 144, 148. All of the entities' creditors, including its other members, would have suffered the same indirect injury, and the entities have exclusive standing to seek relief for that alleged loss.

The question of whether a given claim is direct or derivative is typically governed by the law of the entity's state of formation. *Am. Nat. Ins. Co.*, 893 F. Supp. 2d at 228. In this case, both entities were formed in the District of Columbia. Compl. ¶¶ 21, 28. In the District of Columbia, a member of a limited liability company is separate from the entity and has no rights to the property of the LLC. *Martin v. Santorini Cap., LLC*, 236 A.3d 386, 395 (D.C. 2020) (internal quotation marks omitted). "To sue directly, an individual must identify a legal interest that has been directly or independently harmed, *i.e.*, a special injury that does not derive from the injury to the corporation." *Id.* (internal quotation marks omitted). A member's damage resulting from the entity's loss is not a special injury giving rise to member standing to sue. *Id.*

Mr. Rogers solely alleges loss that flows from the indirect loss he suffered as a result of a purported loss suffered by Kenyon Square and DKEPA. In other words, his loss arises only from his ownership interest in DKEPA and his alleged "Interest Holder" status in Kenyon Square. He alleges nothing special or unique about his supposed injury separate from the loss that he allegedly suffered from his position as a member of DKEPA and "Interest Holder" of Kenyon Square. He thus falls squarely in the position where his claims are not individual claims.

Instead, they are derivative claims belonging only to the entities. Since he asserted those claims individually, the Court must dismiss them. *See Whelan*, 953 F.2d at 672 (discussing how dismissal on a 12(b)(6) motion is an appropriate remedy where plaintiff is not the real party in interest).

## II. THE COURT SHOULD DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO JOIN A PARTY UNDER RULE 19

Even if the Court finds Plaintiff is the real party in interest, the Court should dismiss the Complaint as Mr. Rogers failed to name necessary parties. Under Federal Rule of Civil Procedure 19, the Court should perform a two-step analysis for determining whether to require an absent party's joinder. The Court first determines "whether the absent party is 'necessary' to the litigation according to the factors enumerated in Rule 19(a); if so, the court must order that the absent party be joined." *Cherokee Nation v. Babbitt*, 117 F.3d 1489, 1495-96 (D.C. Cir. 1997). If the necessary party cannot be joined, then the Court should examine the "factors in Rule 19(b) to determine whether in equity and good conscience, the action should proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable." *Id.* (internal citations and quotation marks omitted).

### A. Kenyon Square and DKEPA Should Be Joined Under Rule 19

Both Kenyon Square and DKEPA should be joined as parties because they are the parties to the agreements that will govern the core of this dispute: whether Mr. Donatelli had the authority to make the complained about transactions and transfers Mr. Rogers alleges were improper. Determination of the power and authority of the managing member of Kenyon Square and DKEPA is material and necessary to the just adjudication of this dispute. Further, Kenyon Square and DKEPA ought to be present in this litigation so that their rights against Mr. Rogers's claims and contentions are not compromised. At the very least, the entities surely have an

interest in Mr. Rogers's specific request for the Court to order his interest in one or more of these entities to be bought back. Compl. at 22. Rule 19(a)(l) provides that a person is to be joined when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

Rule 19 is partially designed to (i) avoid repetitive litigation; (ii) serve the interests of the present parties by providing for full relief in a single action thereby avoiding inconsistent obligations; and (iii) serve the interests of the absent party in avoiding any prejudice that might result by deciding a case in their absence. § 1602 Purpose and Construction of Rule 19, 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.). Kenyon Square and DKEPA should be joined for the very practical reason that, as pled by Mr. Rogers, his right to recovery in this action, if any, flow entirely from Kenyon Square's obligations to DKEPA and DKEPA's corresponding obligations to Mr. Rogers. In short, the "key" entities in this action ought to be present. Mr. Rogers alleges that the funds that should have flowed through Kenyon Square to DKEPA to him were instead taken by Mr. Donatelli.

A determination that Mr. Rogers is entitled to recover from Mr. Donatelli, or not, will impact the rights and obligations of Kenyon Square and DKEPA to their respective members including Mr. Donatelli. To the extent Mr. Rogers recovers against Mr. Donatelli, then Kenyon

Square may have obligations to its other members or creditors. Similarly, DKEPA may have obligations to its other members or creditors. Given the impact the rulings in this case will have on Kenyon Square and DKEPA, both entities have a right to participate fully in this case as parties.

**B. Joinder of Kenyon Square and DKEPA Is Feasible**

Kenyon Square and DKEPA are District of Columbia entities subject to this Court's jurisdiction. Compl. ¶¶ 21, 28. Accordingly, the Court should dismiss the Complaint ordering Plaintiff to add Kenyon Square and DKEPA should he wish to proceed forward with his claims.

## CONCLUSION

For the reasons set forth above, Defendant Christopher J. Donatelli respectfully requests that this Honorable Court enter its Order dismissing the Complaint and granting such other and further relief as deemed just and proper.

Respectfully submitted,

LERCH, EARLY & BREWER, CHARTERED

By: /s/ Michael J. Neary
Michael J. Neary (Bar No. 976723)
7600 Wisconsin Avenue, Suite 700
Bethesda, Maryland 20814
(301) 657-0740 (phone)
(301) 347-1790 (facsimile)
mjneary@lerchearly.com
*Attorneys for Defendant*

Dated: June 28, 2024

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of June, 2024, a copy of the foregoing was served by the United States District Court for the District of Columbia's electronic filing system on all counsel of record.

/s/ Michael J. Neary
Michael J. Neary